<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DOUGLAS MANNING, | : : | |
| Petitioner, | : : | Civil Action No. 23-279 (BRM) |
| v. | : : : | **OPINION** |
| PATRICK A. NOGAN AND THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, | : : : : | |
| Respondents. | : : : | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Respondents' Motion to Dismiss ("Motion") (ECF No. 32) Petitioner Douglas Manning's ("Petitioner") *pro se* Amended Petition for a Writ of Habeas Corpus ("Amended Petition") pursuant to 28 U.S.C. § 2254 (ECF No. 24) as time barred. Petitioner filed an opposition. (ECF No. 36.) Also before the Court are Petitioner's motions for the appointment of counsel (ECF Nos. 33, 40) and a motion "seeking collateral relief" (ECF No. 42). For the reasons set forth below, Respondents' Motion is **GRANTED**, Petitioner's § 2254 Petition is **DISMISSED WITH PREJUDICE**, and no certificate of appealability shall issue. Petitioner's motions for appointment of counsel and motion for collateral relief are **DISMISSED AS MOOT**.

**I. BACKGROUND**

Petitioner was convicted on Indictment No. 01-10-3949-I of second-degree burglary, N.J.S.A. § 2C:18-2; simple assault, N.J.S.A. § 2C:12-1; second-degree attempted sexual assault, N.J.S.A. § 2C:14-2C; fourth-degree unlawful possession of a weapon, N.J.S.A. § 2C:39-5D; and third-degree possession of the same weapon for an unlawful purpose, N.J.S.A. § 2C:39-4D. (*See*

ECF No. 32-1 at 1; *see also* ECF No. 32-7 at 1–2.) On April 4, 2003, the Honorable Peter Vazquez, J.S.C. sentenced Petitioner to an aggregate sentence of seven years imprisonment. (ECF No. 32-1 at 1.)

Petitioner filed a notice of appeal, and on September 28, 2005, the Appellate Division affirmed Petitioner's conviction and sentence. (*See* ECF No. 32-1.) Petitioner did not file a notice of petition for certification with the New Jersey Supreme Court.

According to the documents provided by Respondent, which Petitioner does not dispute, in July 2003, Petitioner was sentenced on Indictment No. 03-01-056-I to three years imprisonment for burglary, N.J.S.A. § 2C:18-2.[1] (*See* ECF No. 32-8; *see also* ECF No. 32-2 at 1.) On April 9, 2007, Petitioner was sentenced on Indictment No. 04-10-3354-I to a total of twenty years' incarceration with a parole-ineligibility period of 16, years, 11 months, and 30 days for first-degree aggravated manslaughter, N.J.S.A § 2C:11-4A, and first-degree aggravated sexual assault, N.J.S.A. § 2C:14-2A. (*See* ECF No. 32-7 at 2.) Petitioner did not file a direct appeal on either of these convictions.

On November 12, 2022, over fifteen years after Petitioner was sentenced on April 9, 2007, Petitioner filed a notice of appeal with the Appellate Division challenging all three convictions. (ECF No. 32-2; ECF No. 32-4.) On January 18, 2023, while that appeal was pending, Petitioner filed his initial petition for habeas relief. (ECF No. 1.)

On February 15, 2023, the Appellate Division dismissed Petitioner's appeal for failure to prosecute. (ECF No. 32-3.) Petitioner sought certification with the New Jersey Supreme Court,

---

[1] Respondents submit that Petitioner was sentenced on this indictment on April 9, 2007. (ECF No. 32 at 2.) Based on the documents provided it appears as though Petitioner was sentenced in July 2003. (*See* ECF No. 32-8; *see also* ECF No. 32-2 at 1.) The Court need not reach a determination of which date is correct, as Petitioner failed to file an appeal of this matter until 2022. Therefore, as explained below, Petitioner's amended habeas petition is untimely under either sentencing date.

2

which was denied on September 19, 2023. (ECF No. 32-5.) Petitioner then sought certiorari, which the United States Supreme Court denied on March 25, 2024. (ECF No. 32-6.)

Based on the record, it appears Petitioner filed Petition for Post-Conviction Relief ("PCR") in August 2024.[2] (*See* ECF No. 32-9.)

On March 9, 2024, the Court dismissed Petitioner's initial habeas petition without prejudice based on his failure to set forth any facts in support of his claims for relief, as required by Rule 2 of the Habeas Rules. (ECF No. 4.) On November 1, 2024, Petitioner filed his Amended Petition. (ECF No. 24.) The Court re-opened this matter on February 3, 2025. (ECF No. 29.)

Respondent filed this motion to dismiss, arguing the Amended Petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF No. 32.) Petitioner filed an opposition. (ECF No. 36.)

The matter is now ripe for decision without oral argument. Fed. R. Civ. P. 78(b).

## II.   DECISION

The AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] It is unclear if that PCR petition remains pending. However, for the reasons discussed below it does not change the outcome of the timeliness of Petitioner's instant Amended Petition.

3

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). "[T]he statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004).

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012).

Here, using April 9, 2007, the most recent sentencing date in this matter, Petitioner's conviction became final within the meaning of AEDPA on May 24, 2007, when the forty-five-day period for seeking direct review expired. *See* N.J. Ct. R. 2:4-1(a). Petitioner's AEDPA one-year time limitation expired one year later, on May 24, 2008. *See* § 2244(d)(1)(A). Petitioner filed his initial habeas petition just under sixteen years later, on January 18, 2023. (ECF No. 1.) Therefore, absent statutory tolling, his initial petition is untimely.

### A. Statutory Tolling

The AEDPA limitations period is tolled during the time a properly filed PCR petition is pending in the state courts. 28 U.S.C. § 2244(d)(2); *see also Thompson v. Adm'r New Jersey State Prison*, 701 F. App'x 118, 121 (3d Cir. 2017); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013). A properly filed application is one that the Court accepted for filing by the appropriate court officer and the Petitioner filed the application within the time limits prescribed by the relevant jurisdiction. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). In New Jersey, petitioners have five years from the date the trial court enters a judgment of conviction to file a PCR petition. *See* N.J. Ct. R. 3:22-12(a).

A timely PCR petition filed during the AEDPA's one-year limitations period will toll the limitations period; a timely PCR petition filed after the expiration of the one-year limitations period, however, will not revive that one-year period. *See Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, because an untimely state post-conviction petition is not properly filed for purposes of tolling . . . and, in any event, the limitations period had already run when it was filed." (internal citations omitted)); *see also, e.g.*, *Rodriguez v. New Jersey*, No. 18-12570, 2019 WL 2193498, at *2 (D.N.J. May 20, 2019); *Banks v. Pierce*, No. 17-2961, 2018 WL 1446402, at *3 (D.N.J. Mar. 23, 2018); *Shoatz v. DiGuglielmo*, No 07-5424, 2011 WL 767397, at *1 n.2 (E.D. Pa. Feb. 25, 2011) ("[B]ecause all of petitioner's subsequent PCR[] petitions were filed after his one-year limitation period expired . . . none of these filings entitle petitioner to statutory tolling, regardless of their disposition.").

In this case, Petitioner filed a notice of appeal on November 12, 2022, over fourteen years after his AEDPA limitations period ran on May 24, 2008. As the AEDPA limitations period had already expired at the time Petitioner filed an appeal in state court, that appeal had no effect on the

timeliness of the instant Amended Petition. Therefore, absent equitable tolling, Petitioner's Amended Petition is untimely.

### B. Equitable Tolling

Petitioner argues he is entitled to equitable tolling based on inaccurate advice provided to him by appeal counsel.

In *Holland v. Florida*, the Supreme Court held AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649–50 (2010); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuiglielmo*, 544 U.S. 408, 418 (2005); *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make the rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross*, 712 F.3d at 799 (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

A court must determine whether extraordinary circumstances exist to warrant equitable tolling. Extraordinary circumstances may be found where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). "[F]or a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ross*, 712 F.3d at 803. "To secure equitable tolling, it is not

enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id.* at 803 n.29 (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner submitted an opposition but fails to argue an extraordinary circumstance prevented him from filing a timely habeas petition. Additionally, there is nothing in the record to indicate Petitioner diligently pursued his rights. Accordingly, Petitioner is not entitled to equitable tolling. Respondents' motion to dismiss is granted and the Amended Petition is dismissed with prejudice as time barred.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state court proceeding unless he has "demonstrate[d] a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court further held: "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at

least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

For the reasons discussed above, Petitioner has not met this standard as his habeas petition is untimely. This Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons stated above, Respondents' motion to dismiss (ECF No. 32) is **GRANTED**, Petitioner's amended habeas petition (ECF No. 24) is **DISMISSED with prejudice** as untimely, and a certificate of appealability shall not issue. Petitioner's motions for appointment of counsel (ECF Nos. 33, 40) and Petitioner's motion seeking "collateral relief" (ECF No. 42) are **DISMISSED as moot**.

An appropriate order follows.

Dated: August 6, 2025

                                        */s/ Brian R. Martinotti*
                                        **HON. BRIAN R. MARTINOTTI**
                                        UNITED STATES DISTRICT JUDGE